IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradford K. Isley,<br><br>        Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>        Respondents. | No. CIV 01-1567-PHX-MHM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

      Bradley Isley, formerly an inmate at the Arizona Department of Corrections, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 21, 2001 (Doc. #1). The Court issued an order for payment of the inmate filing fee on September 6, 2001, and ordered Isley's petition dismissed without prejudice and with leave to amend (Doc. #2). The Court also ordered that "at all times during the pendency of this action, Plaintiff shall immediately advise the court of any change of address and its effective date" (*Id*. At 2). Isley was warned that if he failed "to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" (*Id*.). On October 22, 2001, Isley filed an amended petition (Doc. #5). On November 1, 2001, the Court ordered Respondents to answer the amended petition, and again warned Isley that "[f]ailure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)" (Doc. #6 at 2).

Following the Court's Report and Recommendation, which was adopted by the District Court, Isley was granted a certificate of appealability and the Ninth Circuit reversed the District Court and remanded for further proceedings. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (2004). On July 28, 2005, Isley filed a supplemental pleading which Respondents answered on September 12, 2005 (Doc. ##35, 37). The Arizona Department of Corrections Inmate Datasearch indicates that Isley was released from ASPC-Florence on supervised parole on March 14, 2007. He has not filed a Notice of Change of Address or any pleading with the Court in the last six months.

Isley, as the Petitioner, has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Isley. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Isley's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss an action for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Isley's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

- 2 -

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). *See also Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) ( applying the five factors to dismissal of a habeas petition). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Isley's failure for six months to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Isley's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In this case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Court recommends, therefore, that the amended petition and this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the amended petition and this action be dismissed without prejudice (Doc. #5).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific

written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 14th day of September, 2007.

_____
David K. Duncan
United States Magistrate Judge

- 4 -