**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradford K. Isley,<br><br>  Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>  Respondents. | No. CV 01-1567-PHX-MHM (DKD)<br><br>**ORDER** |

Plaintiff *pro se* has filed an Amended Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The matter was referred to United States Magistrate David K. Duncan, who has issued a Report and Recommendation recommending that the Court enter an Order dismissing the Petition without prejudice (Doc. 44). Plaintiff has not filed a written objection to the Report and Recommendation.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**RELEVANT BACKGROUND**

Petitioner, Bradford Isley, formerly an inmate at the Arizona Department of Corrections, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 21, 2001 (Doc. 1). The Court issued an order for payment of the inmate filing fee on September 6, 2001, and ordered Isley's petition dismissed without prejudice and with leave to amend (Doc. 2). In that order, the Court directed that "at all times during the pendency of this action, Petitioner shall immediately advise the court of any changes of address and its effective date" (Id. at 2). Petitioner was warned that if he failed "to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" (Id.). On October 22, 2001, Petitioner filed an amended petition (Doc. 5). On November 1, 2001, the Court ordered Respondents to answer the amended petition and again warned Petitioner that "[f]ailure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)" (Doc. 6 at 2). The Arizona Department of Corrections Inmate Datasearch indicates that Petitioner was released from ASPC-Florence on supervised parole on March 14, 2007. Petitioner has not filed a Notice of Change of Address or any pleading with the Court in over six months.

**DISCUSSION**

a Petitioner has the general duty to prosecute his case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of

the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss an action for failure to prosecute even without notice or a hearing. Id. at 633.

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1429 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

The magistrate judge's Report and Recommendation finds that the first, second, and third factors favor dismissal of this case. The fourth factor weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Petitioner's current address, however, any alternative short of dismissal would be futile. In the instant case, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441. However, less drastic than dismissing Petitioner's case with prejudice, the magistrate judge recommends dismissing the case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. This Court agrees.

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation (Doc. 44) in its entirety as the Order of the Court.

1 **IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus
2 (Doc. 5) is dismissed without prejudice.
3    DATED this 2nd day of November, 2007.

Mary H. Murguia
United States District Judge